# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE LA RIVA CONSTRUCTION, INC.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>MARCON ENGINEERING, INC., *et al.*<br><br>　　　　　　　　　　　Defendants. | CASE NO. 11-CV-52-MMA(DHB)<br><br>**ORDER GRANTING PLAINTIFF DE LA RIVA CONSTRUCTION INC.'S MOTION TO STRIKE DEFENDANTS' SECOND AMENDED ANSWER.**<br><br>[Doc. No. 34] |

Pending before the Court is Plaintiff De La Riva Construction, Inc.'s motion to strike Defendants Marcon Engineering, Inc.'s, Travelers Casualty Insurance Company of America's, and Fidelity and Deposit Company of Maryland's ("Defendants") Second Amended Answer. For the reasons stated below, the Court finds that Federal Rule of Civil Procedure 16(b)[1] is the correct standard to determine whether Defendants may file a Second Amended Answer. The Court further finds that Defendants do not satisfy Rule 16(b) and accordingly **GRANTS** Plaintiff's motion to strike.

## I. BACKGROUND

On January 10, 2011, Plaintiff filed a Complaint alleging five claims against Defendants. [Doc. No. 1.] On February 4, 2011, Defendants filed an Answer. [Doc. No. 5.] At a scheduling conference held on August 4, 2011, the Court issued a Scheduling Order requiring "any motion to

---

[1] All further references are to the Federal Rules of Civil Procedure unless otherwise noted.

1  join other parties, to amend the pleadings, or to file additional pleadings be filed on or before
2  September 9, 2011." [Doc. No. 12 at 2.] On March 28, 2012, the Court issued an Amended
3  Scheduling Order that extended the discovery cutoff date to October 22, 2012, but did not extend
4  the long-passed deadline to amend pleadings. [Doc. No. 21 at 2.] Nonetheless, on April 13, 2012,
5  Defendants filed a First Amended Answer, which asserted twenty-four affirmative defenses. [Doc.
6  No. 23 at 3-6.] On October 15, 2012, just seven days before the close of discovery, and without
7  filing a motion for leave to modify the scheduling order, Defendants filed a Second Amended
8  Answer. [Doc. No. 28.] The Second Amended Answer asserts three additional affirmative
9  defenses:  mutual mistake, unilateral mistake, and fraud. [Doc. No. 28 at 6.]

10  On November 19, 2012, Plaintiff filed the present Motion to Strike Second Amended
11  Answer. [Doc. No. 34-1.] Plaintiff argues that "[t]he Second Amended Answer includes brand
12  new theories" and "the new answer is filed at a date so late that Plaintiff has no opportunity to
13  conduct discovery with regard to these theories." [Doc. No. 34-1 at 1-2.] Plaintiff further asserts
14  that Rule 16(b) is the correct standard that governs whether the Second Amended Answer may be
15  filed. [Doc. No. 45 at 3.] Defendants argue that the additional "affirmative defenses are based
16  only on known facts of the case." [Doc. No. 44 at 4.] Moreover, Defendants contend that Rule
17  15(a) is the correct standard.

18  Plaintiff requests the Court strike the Second Amended Answer or regard it as a legal
19  nullity. [Doc. No. 45 at 10.] Defendants request the Court allow the Second Amended Answer to
20  remain on file, or in the alternative, that they be granted leave to file another amended answer.
21  [Doc. No. 44 at 1.]

## II.  LEGAL STANDARD

23  Defendants discuss at length the liberal amendment policy of Rule 15(a). Plaintiff does not
24  dispute that Rule 15's policy favoring amendments is applied liberally. *Ascon Properties, Inc. v.*
25  *Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *DCD Programs, Ltd. v. Leighton*, 833 F.2d
26  183, 185-87 (9th Cir. 1987). Under Rule 15(a), leave to amend should be granted as a matter of
27  course, at least until the defendant files a responsive pleading. After that point, leave to amend
28

should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Ascon Props., Inc.*, 866 F.2d at 1159.

Nonetheless, Rule 15 does not provide the standards with which the Court considers Defendants' late filing of the Second Amended Answer. Once the district court files a pretrial scheduling order pursuant to Rule 16, which establishes a timetable for amending pleadings, Rule 16 controls and provides in part: "[the Court] . . . must issue a scheduling order . . . [to] limit the time to join other parties, amend the pleadings, complete discovery, and file motions. . . . A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(1), (b)(4).

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). Rule 16 provides a stringent standard whereby the party who seeks to amend the Court's scheduling order must show "good cause" why the Court should set aside or extend a pleading deadline. *See* Fed. R. Civ. P. 16(b)(4). The scheduling order may only be amended with the Court's consent. *Id.*

Under Rule 16(b)'s good cause standard, the Court's primary focus is on the movant's diligence in seeking the amendment. *Johnson*, 975 F.2d at 609. "Good cause" exists if a party can demonstrate that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citations omitted). If the party seeking modification was not diligent in his or her pretrial preparations, the inquiry should end there and the measure of relief sought from the Court should not be granted. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609. The party seeking to continue or extend the deadlines bears the burden of proving good cause. *See Zivkovic*, 302 F.3d at 1087; *Johnson*, 975

F.2d at 608.

In addressing the diligence requirement, a sister court has noted:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson*, 975 F.2d at 610. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15. *See Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); *see also Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1155 (1st Cir. 1992) (permitting amendment under Rule 15(a) in violation of district court scheduling order "would have nullified the purpose of [R]ule 16(b)(1)").

### III. DISCUSSION

**A.   Defendants Fail to Request a Modification of the Court's Scheduling Order**

Because the Court issued a Scheduling Order designating September 9, 2011 as the deadline to "amend the pleadings, or to file additional pleadings" the Defendants' ability to amend their answer on October 15, 2012 was governed by Rule 16(b), not Rule 15(a). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (affirming district court's application of Rule 16(b) standard where parties moved to amend pleadings after the deadline set forth in the scheduling order passed); *see also AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (explaining and distinguishing *Johnson v. Mammoth Recreations, Inc.*).

Defendants have filed neither a motion for leave to amend the scheduling order nor a

1  motion for leave to amend the answer.  Defendants simply filed the Second Amended Answer
2  more than a year beyond the Court's established deadline to amend pleadings.  Nonetheless, the
3  Court construes Defendants' opposition to Plaintiff's motion as a motion to modify the scheduling
4  order under Rule 16.  *See Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 459 n.4
5  (D. Ariz. 2012).

6  **B.     Defendants Fail to Demonstrate "Good Cause" to Amend the Scheduling Order**

7       The original Scheduling Order, entered on August 4, 2011, required the parties to amend
8  their pleadings or file additional pleadings by September 9, 2011.  If Defendants wished to amend
9  the First Amended Answer after this deadline, they could have sought the Court's consent to
10 modify the order had they shown "good cause" for doing so.  *Johnson*, 975 F.2d at 607-08.

11      In Defendants' Opposition to the Motion to Strike, they contend that Plaintiff's scope of
12 work was changed multiple times during the construction process.  [Doc. No. 44 at 5.]
13 Furthermore, Defendants assert that the anticipated scope of work and actual scope of the work,
14 which is the predicate for the three new affirmative defenses, were discovered after the First
15 Amended Answer was filed.  [*Id.*]  In his declaration, counsel for Defendants, Mr. Cameron,
16 confirms that in August 2012 he "recognized reductions in the anticipated scope of work . . . that
17 were not accounted for in later change order adjustments."  [*Id.*]  However, Defendants do not
18 explain why these facts became known at such a late stage in the litigation, or why they discovered
19 the need to assert the three new affirmative defenses in the Second Amended Answer at such a late
20 stage in this case.  For example, while Defendants explain that the scope of Plaintiff's work was
21 changed several times, Defendants do not argue that they were ignorant of these facts until
22 recently, and if they were, do not explain *why* they did not discover these facts until now.
23 "Diligence" requires an explanation of the steps taken to discover facts and explanation of any
24 reasons for the late discovery of facts despite prior efforts to discover them.

25      Further, although Mr. Cameron initially entered the case in December 2011, he admits
26 "little to no action" was taken for eight months due to the illness of Plaintiff's Counsel.  [Doc. No.
27 44-1 at 2.]  This statement is inconsistent with Defendants' actions because Defendants filed a
28

First Amended Answer on April 13, 2012. [Doc. No. 23.] Moreover, "little to no action" being taken is inconsistent with "diligence."

At the time counsel for Defendants entered the case, the deadline to amend the pleadings had passed approximately three months earlier on September 9, 2011. Had Defendants requested leave to modify the scheduling order near that time, "good cause" may have existed at that time. Instead, Defendants attempt to argue that "after a site inspection [in September 2012] and upon further review of the case, [they] recognized an important and relevant legal defense." [*Id.*] Although Defendants had already amended their answer once without leave of Court and it had been nine months since counsel for Defendants entered the case, Defendants did not immediately file a Second Amended Answer. Instead, Defendants waited until seven days before the close of discovery, and filed the Second Amended Answer on October 15, 2012.

Because Defendants have not shown there were diligent in discovering the need for the three new affirmative defenses or that they diligently sought leave to amend, the Court's inquiry ends here. *Johnson*, 975 F.2d at 609.

### IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to strike Defendants' Second Amended Answer, and orders as follows:

(1) Defendants' Second Amended Answer shall be stricken.

(2) Defendants' First Amended Answer will be the operative pleading.

**IT IS SO ORDERED.**

DATED:  January 30, 2013

Hon. Michael M. Anello
United States District Judge