1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DE LA RIVA CONSTRUCTION, INC.,

Plaintiff,

v.

MARCON ENGINEERING, INC., *et al.*,

Defendants.

NO. 11-CV-52-MMA (DHB)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**

[Doc. No. 104]

Plaintiff De La Riva Construction, Inc. moves for reconsideration of this Court's November 22, 2013 Order Granting in Part and Denying in Part Plaintiff's Motion for Attorneys' Fees.  Defendants oppose the motion, and Plaintiff filed a reply.  [Doc. Nos. 105, 106.]  For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for reconsideration.

<u>BACKGROUND</u>

After a six-day trial of this breach of contract case, a jury returned a verdict in favor of Plaintiff, and awarded a sum of $100,890.29 in total damages.  The jury also found that Defendants did not have a good faith dispute with Plaintiff at the

time it withheld monies under the parties' contract.  This finding entitled Plaintiff to statutory prompt payment penalties at the rate of 2% per month under California Business & Professions Code section 7108.5.  Accordingly, on October 1, 2013, the Court entered judgment in favor of Plaintiff in the total amount of $203,234.51. [*See* Doc. No. 91.]

Plaintiff moved for an award of attorneys' fees and costs totaling $429,630.13.  [Doc. No. 95.]  In its November 22, 2013 Order, the Court granted in part and denied in part Plaintiff's motion for attorneys' fees.  [Doc. No. 101.]  Upon considering the number of hours reasonably expended by Plaintiff's counsel, the Court reduced the hours, finding that certain work was unnecessary or excessive; that counsel impermissibly block billed; and that clerical work was not compensable. [*Id.*]  In particular, the Court subtracted the number of hours billed for: a motion hearing on a matter that was taken under submission; preparing a summary judgment motion that was never filed; and billing an unreasonably high number of hours preparing and reviewing depositions.  The Court also found that certain billing records were inappropriately block-billed and therefore reduced by 20% the billing records of Mr. Andrade and Mr. Wiseman, resulting in a 57-hour and 41-hour reduction, respectively.  The Court also subtracted 26.55 hours in total[1] from the accounts of Mr. Justo, Ms. Essig, and Ms. Torres, finding these hours were not compensable.  Finally, the Court considered the reasonable hourly rates of Plaintiff's counsel and found that, pursuant to federal law, they had failed to provide support, apart from their own affidavits, demonstrating their hourly rates were reasonable. As such, based on its knowledge of the community's prevailing rates, the Court found that a reasonable hourly fee for the work performed in this case as follows: $350 for Mr. Andrade; $200 for Mr. Wiseman; $300 for Mr. Chavez; $125 for Mr. Justo; $100 for Ms. Essig; and $85 for Ms. Torres and Ms. Rojas.  After accounting

---

[1] The Court subtracted 12.8 hours of secretarial work from Mr. Justo's account; 12.7 hours from Ms. Essig's account, and 1.05 hours from Ms. Torres' account.

11CV52

1    for reductions and the reasonable hourly rates, as explained above, the Court applied

2    the lodestar method and awarded Plaintiff attorneys' fees in the amount of

3    $274,412.50.

4           Plaintiff now moves for reconsideration of the Court's November 22, 2013,

5    Order awarding attorneys' fees, contending the award amounts to a clear error and

6    manifest injustice. [Doc. No. 104.] First, Plaintiff contends that the Court erred in

7    determining the reasonable market rates regarding Mr. Andrade and Mr. Wiseman.[2]

8    In particular, Plaintiff contends that California law, not federal law, applies to the

9    attorneys' fees award in this case. Plaintiff argues that California law has a less

10   stringent standard of proof than federal law to establish a reasonable market rate

11   such that counsels' declarations alone are sufficient evidence. Plaintiff also claims

12   that the Court erred in not considering the actual rate charged by Plaintiff. Second,

13   Plaintiff argues that the Court erred in reducing the number of hours billed based on

14   block billing, double counting its reductions, and eliminating compensation for

15   preparation of the unfiled motion for summary judgment.

16          Defendants contend that Plaintiff's motion for reconsideration is untimely and

17   should be summarily dismissed. Defendants further assert that the Ninth Circuit has

18   held that courts may rely on their own knowledge and familiarity with the legal

19   market in setting a reasonable hourly rate. In addition, Defendants assert that the

20   Court did not error in reducing Plaintiff's hours for block-billing; that the Court did

21   not double-count its reductions; and finally, that the Court's reduction for Plaintiff's

22   unfiled summary judgment motion was proper.

23                               **LEGAL STANDARD**

24          Civil Local Rule 7.1(i)(1) permits a party to seek reconsideration of an order.

25   *See* S.D. Cal. Civ. L.R. 7.1(i). Generally, courts will reconsider a decision if a party

26   can show (1) new evidence, (2) an intervening change in the law, or (3) clear error in

27   the court's prior decision resulting in a manifest injustice. *Navajo Nation v.*

28   ────────────────

          [2] Plaintiff does not move for reconsideration of the hourly rates for the other
     employees.

*Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "A district court may reconsider and revise a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003). "However, a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice." *Id.* (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). Ultimately, however, the decision on a motion for reconsideration lies in the Court's sound discretion. *Navajo Nation*, 331 F.3d at 1046 (citing *Kona Enter. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

## DISCUSSION

### A.    *Plaintiff's Motion is Not Time Barred*

As an initial matter, Defendants argue that Plaintiff's motion for reconsideration is time-barred. Civil Local Rule 7.1.i.2 requires that a party must move for reconsideration "within twenty eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. Civ. L.R. 7.1.i.2. The Court issued its previous Order on November 22, 2013, and Plaintiff initially filed this motion for reconsideration on December 20, 2013. [Doc. Nos. 101, 102.] However, because the motion lacked a hearing date as required by Civil Local Rule 5.1, the Court ordered that the document be rejected and stricken from the record. [Doc. No. 103.] Plaintiff then re-filed the motion with a hearing date on December 27, 2013. [Doc. No. 104.] Defendants claim that because Plaintiff did not file the correct motion until December 27, 2013, the motion is beyond the 28-day deadline under Local Rule 7.1.i.2, and therefore untimely.

The Ninth Circuit has recognized that local rules prescribing the form of court filings "should not be applied in a manner that defeats altogether a litigant's right to access to the court." *Cintron v. Union Pac. R. Co.*, 813 F.2d 917, 920 (9th Cir.

11CV52

1987) (quoting *Loya v. Desert Sands Unified School Dist.,* 721 F.2d 279 (9th Cir. 1983)).  To do so would elevate the local rule to a jurisdictional requirement and "conflict with the mandate of Federal Rule of Civil Procedure 1 to provide a just and speedy determination of every action."  *United States v. Dae Rim Fishery Co., Ltd.*, 794 F.2d 1392, 1395 (9th Cir. 1986).  Further, Federal Rule of Civil Procedure 83(a)(2) instructs that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."  Fed. R. Civ. P. 83(a)(2).

Here, Civil Local Rule 5.1 prescribes the form of court filings in the Southern District of California.  To deny this motion as untimely simply for a failure to comply with a local rule's form requirements would conflict with Rule 83(a)(2) as well as Ninth Circuit precedent.  As such, the Court declines to do so, and finds that Plaintiff's motion for reconsideration is timely.

**B.**     ***Motion for Reconsideration***

Plaintiff seeks reconsideration of the Court's November 22, 2013 Order on the grounds that the Court committed clear error in applying federal law instead of California law to the motion for attorneys' fees.  Plaintiff asserts that because the contract provision states that California law applies to the contract, California law should also apply to the attorneys' fees award.  Plaintiff further contends the Court's error resulted in a manifest injustice because under California law, an attorney's declaration alone can be sufficient evidence to establish the reasonable market rate.

Here, Plaintiff brought its claim under the Miller Act.  [*See* Doc. No. 1.]  As Plaintiff correctly points outs, the underlying contract included a provision expressly stating that California law governs the contract and any dispute arising from it, which necessarily extends to the provision providing for reasonable attorneys' fees and costs.  Additionally, the Ninth Circuit has recognized that "state law controls the interpretation of Miller Act subcontracts to which the United States is not a party. . . . Like a court sitting in diversity, we use the law of the forum state to construe the

agreement." *U.S. for Use & Benefit of Reed v. Callahan*, 884 F.2d 1180, 1185 (9th Cir. 1989) (citations omitted); *see also U.S. for Use of Palmer Const., Inc. v. Cal State Elec., Inc.*, 940 F.2d 1260, 1264 (9th Cir. 1991) ("The contract between CSE and Palmer provided for an award of attorneys fees to the prevailing party.  Given that, we apply the law of California to the contract."); *In re LCO Enterprises, Inc.*, 105 F.3d 665 (9th Cir. 1997) ("Callahan was a case involving the Miller Act, 40 U.S.C. §§ 270a-270d (1982), which uses state law to interpret contracts and subcontracts in cases where the United States is not a party.").  Accordingly, California law applies to Plaintiff's motion for an award of attorneys' fees in this case.  As such, the Court's previous application of federal requirements to support a fee award constitutes a clear error.  The Court therefore **GRANTS** Plaintiff's motion for reconsideration on this ground.

In turning to the attorneys' fees award, Plaintiff contends that the Court erred in determining the reasonable market rate and in reducing the number of hours billed.  The Court considers each argument in turn.

### *1.     Reasonable Hourly Rate*

In its motion for attorneys' fees, Plaintiffs' counsel relied exclusively on the declarations of Mr. Andrade and Mr. Wiseman to establish the reasonable market rate of the community.  The Court found that these declarations alone were insufficient to establish the requested hourly rate as reasonable for the San Diego market under federal law.  The Court then determined reasonable hourly rates for the respective counsel based on its knowledge of the community's prevailing rates.  In its motion for reconsideration, Plaintiff asserts that under California law, an attorney's declaration alone is sufficient evidence to establish the reasonable market rate.  As such, Plaintiff contends that the Court committed clear error in finding that Plaintiff failed to comply with the more stringent federal standard, which requires evidence *in addition to* affidavits from Plaintiffs' counsel.

Under California law, the trial court has discretion to determine what

constitutes reasonable attorneys' fees. *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1096, 997 P.2d 511, 519 (2000) (internal citation omitted). "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *Ctr. For Biological Diversity v. Cnty. of San Bernardino*, 188 Cal. App. 4th 603, 616, 115 Cal. Rptr. 3d 762, 772–73 (2010). "California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." *Id.* (internal citation omitted). "Generally, the reasonable hourly rate used for the lodestar calculation is that prevailing in the community for similar work." *Ctr. For Biological Diversity*, 188 Cal. App 4th at 616. After determining the reasonable hourly rate for comparable legal services in the community, courts may adjust that amount based on the following factors: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001). "[T]he purpose of such adjustment is to fix a fee at the fair market value for the particular action." *Id.*

"The burden is on the party seeking attorney fees to prove that the fees it seeks are reasonable." *Ctr. For Biological Diversity*, 188 Cal. App. 4th at 615. "[A]lthough a fee motion is unopposed the court has discretion to grant reduced fees." *Id.* at 615 n.6.

Here, Plaintiff asserts that under California law, the declarations of Plaintiffs' counsel are sufficient evidence of the market rates charged in the legal community, particularly when such evidence is not opposed or contradicted. Defendants agree that "generally, affidavits of Plaintiff's attorney(s) regarding prevailing fees in the community are satisfactory evidence of the prevailing market rate." [Opp. at 6–7.] Defendants, however, contend such affidavits are not "controlling." [*Id.* at 7.]

11CV52

1  Further, Defendants argue that a court may rely on its own knowledge and

2  familiarity with the legal market rate in setting a reasonable hourly rate, so that its

3  opposition as to the rates was not required.

4       Plaintiff relies on *Graciano v. Robinson Ford Sales, Inc*, 144 Cal. App. 4th

5  140, 154 (2006), for the proposition that an attorneys' affidavit alone can establish

6  the reasonably hourly rate within a community.  In *Graciano*, the plaintiff asserted

7  that the trial court abused its discretion in reducing the hourly rate of her attorneys to

8  a flat rate of $250.  144 Cal. App. 4th at 154.  The plaintiff submitted a declaration

9  of one of her attorneys in support of her motion, averring that her attorneys'

10  rates—$350, $275, and $270 per hour—were well within the range charged by other

11  plaintiff's counsel engaged in similar areas of practice.  The defendant did not object

12  to or challenge the asserted hourly rates as unreasonable or excessive.  However, the

13  trial court awarded a flat rate of $250 for each of the attorneys.  On appeal, the court

14  found that the trial court abused its discretion.  The Court of Appeal noted that "[t]he

15  sole evidence before the court demonstrated that [the plaintiff's] counsel's requested

16  fee rates were reasonable" for the similar work within the legal market.  *Id.*  As such,

17  the court held that "[the plaintiff's] unrebutted declarations established the

18  prevailing rates in the region for attorneys with comparable skills and expertise, and

19  her evidence *compelled* a finding that the requested hourly rates were within the

20  reasonable rates for the purposes of setting the base lodestar amount."  *Id.* (emphasis

21  added).

22       Similarly, in *Davis v. City of San Diego*, the trial court granted the plaintiff's

23  motion for an award of attorneys' fees based on the plaintiff's unrebutted evidence.

24  106 Cal. App. 4th 893, 903–04 (2003).  The plaintiff submitted evidence that its

25  counsel had ample experience in the relevant area of law, and that the requested

26  hourly rate had been determined reasonable in other matters.  *Id.* at 904.  The

27  defendant presented no evidence to the contrary.  As such, the Court of Appeal

28  upheld the trial court's finding that the requested hourly rate was reasonable.  *Id.*

Additionally, district courts applying California law have recognized that unrebutted affidavits alone can suffice to establish reasonable hourly rates of similar work within a given legal market. *See, e.g.*, *Quinones v. Chase Bank USA, N.A.*, No. 09-2748-AJB BGS, 2011 WL 6325880 (S.D. Cal. Dec. 16, 2011); *Krapf v. Nationwide Credit Inc.*, No. 09-00711 JVS, 2010 WL 4261444 (C.D. Cal. Oct. 21, 2010).

As demonstrated by the cases discussed above, under California law, declarations of plaintiff's counsel can be sufficient to establish the reasonable market rate where the defendant does not oppose or challenge the asserted rates. Here, in its original fee motion, Plaintiff's counsel sought hourly rates of $395, up from $385 at the beginning of the litigation, for Mr. Andrade, and $275, up from $225 at the beginning of the litigation, for Mr. Wiseman. In support of its original motion for attorneys' fees,[3] both Mr. Andrade and Mr. Wiseman submitted declarations. In his declaration, Mr. Andrade—the firm's lead and principal attorney—states he has practiced for 33 years and has significant experience with construction cases in California state court as well as district courts in California. He further states that he actually charged Plaintiff as well as other clients in San Diego County his rates of $385 and $395 per hour, and has been awarded these rates in other matters. Finally, he avers that his rates are considered reasonable within San Diego, the relevant legal market at issue. Defendants have neither asserted nor presented any evidence to the contrary. Moreover, even in its opposition brief to the instant motion for reconsideration, Defendants still do not challenge the requested rates as excessive or unreasonable. As such, pursuant to California law, Mr. Andrade's unrebutted declaration suffices to establish the prevailing market rates in

---

[3] In its motion for reconsideration, Plaintiff has submitted supplemental declarations. However, Plaintiff has not moved for reconsideration on the grounds of newly discovered evidence. A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises,* 229 F.3d at 890. Because Plaintiff could have submitted the supplemental declarations with its original motion, but did not, the Court will not consider this evidence on reconsideration.

11CV52

1    the San Diego legal community for attorneys with his comparable skills and

2    expertise.  The Court therefore finds that Mr. Andrade's hourly rates of $385 and

3    $395 are reasonable.  Effectively, this amounts to an approximate 10% increase in

4    the Court's original hourly rate finding.

5            Even unopposed, however, the Court finds Mr. Wiseman's declaration is

6    insufficient to establish that his hourly rate is reasonable for similar work within the

7    relevant legal community—San Diego.  *See Ctr. For Biological Diversity*, 188 Cal.

8    App. 4th at 615.  In his declaration, Mr. Wiseman avers that he is familiar with the

9    rates charged by counsel in Orange Country, and that his hourly rate is reasonable

10   for an attorney with this experience within Orange Country.  [*See* Doc. No. 95-2,

11   Wiseman Decl. ¶ 6.]  However, "[t]he lodestar figure is calculated using the

12   reasonable rate for comparable legal services in *the local community* for

13   noncontingent litigation of the same type . . . ."  *Nichols v. City of Taft*, 155 Cal.

14   App. 4th 1233, 1242–43 (2007) (emphasis in original).  California courts have

15   underscored the importance of determining the reasonable rate in the local market as

16   "one of the means of providing some objectivity to the process of determining

17   reasonable attorney fees," which is "vital to the prestige of the bar and the courts."

18   *Id.*[4]  Because Plaintiff litigated this action in San Diego, the San Diego legal

19   community is the relevant market to determine what constitutes reasonable

20   attorneys' fees.  However, neither Mr. Wiseman's nor Mr. Andrade's declarations

21   address whether Mr. Wiseman's rates are reasonable for the relevant legal market.

22   As such, Mr. Wiseman has failed meet his burden of establishing that his hourly rate

23   is reasonable for San Diego.  *See Ctr. For Biological Diversity*, 188 Cal. App. 4th at

24   615.  However, in light of Mr. Andrade's successful demonstration of a 10%

25   increase in the Court's original hourly rate finding, the Court concludes it is likewise

26   

---

27   [4] California courts recognize an exception in which a court may compensate
     out of town counsel at higher rates than local counsel where the plaintiff shows local
     counsel was impractical or unavailable.  *See, e.g., Ctr. For Biological Diversity*, 188
28   Cal. App. 4th at 616–18; *Nichols*, 155 Cal. App. 4th at 1244.  However, Plaintiff
     does not argue or provide evidence that local counsel in San Diego was unavailable.
     Therefore, this exception does not apply.

1    appropriate to increase Mr. Wiseman's hourly rate by 10%.  Thus, the Court revises

2    Mr. Wiseman's hourly rate from $200 to $220.

3              **2.     *Number of Hours Reasonably Expended***

4              Plaintiff contends that the Court erred by excluding hours spent working on an

5    unfiled summary judgment motion, reducing for block billing, and making double

6    reductions.  Accordingly, Plaintiff seeks reconsideration of these reductions.

7              First, Plaintiff sought compensation for 22 hours of work preparing a

8    summary judgment motion that was never filed.  The Court found that Defendants

9    should not be required to cover the costs of these hours.  Plaintiff now seeks

10   reconsideration of this reduction, contending that "Defendants' shifting theories and

11   positions and withholding of documents turned the case into a he-said she-said

12   dispute rather than the simple matter of work performed and not performed."  [Mot.

13   at 9.]  Both parties acknowledge that whether to award attorneys' fees for an unfiled

14   motion is within the Court's discretion.  Although there may be legitimate reasons

15   for Plaintiff's decision not to file the motion for summary judgment, upon

16   reconsideration, the Court affirms its previous finding that the hours related to the

17   unfiled summary judgment motion are not reasonable in this case.  Accordingly the

18   Court **DENIES** the motion for reconsideration as to the hours spent preparing the

19   unfiled motion for summary judgment.

20             Second, Plaintiff contends that the Court erred in reducing 20% of counsel's

21   time as inappropriately block-billed.  Plaintiff argues that "California law case law is

22   extremely clear that block-billing is not objectionable per se."  [Mot. at 12 (citing

23   *Jaramillo v. Cnty. of Orange*, 200 Cal. App. 4th 811, 830 (2011)).]  Plaintiff,

24   however, conveniently omits the California courts' warnings regarding the inherent

25   risk of block billing.  *See*, *e.g.*, *Jaramillo*, 200 Cal. App. 4th at 830 ("On the first

26   argument, blockbilling is not objectionable 'per se,' though it certainly does increase

27   the risk that the trial court, in a reasonable exercise of its discretion, will discount a

28   fee request."); *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325

(2008) ("Blockbilling, while not objectionable per se in our view, exacerbated the vagueness of counsel's fee request, a risky choice since the burden of proving entitlement to fees rests on the moving party."). After extensive review of Plaintiff's billing records, the Court previously found that Plaintiff's use of block billing made it impossible for the Court to determine the reasonableness of the claimed hours relative to the task at hand. The Court affirms its previous finding. Plaintiff's use of block billing has made it difficult for the Court to discern whether Plaintiff had met its burden of demonstrating its hours are reasonable. *See Ctr. For Biological Diversity*, 188 Cal. App. 4th at 615 (noting the party seeking attorneys' fees has the burden of proof that the fees are reasonable). As such, the Court has reduced the hours block-billed by 20% to account for such vagueness in billing records. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration as to Plaintiff's use of block billing.

However, upon further review of the billing records, it appears that certain billing entries totaling 11 of Mr. Andrade's hours were reduced for both excessive deposition times and for block billing. Thus, the Court **AMENDS** the number of hours block billed by Mr. Andrade from 283 hours to 272 hours.

### 3. *Lodestar Calculation*

Pursuant to California law, "[a]fter making the lodestar calculation, the court may augment or diminish that amount based on a number of factors specific to the case, including the novelty and difficulty of the issues, the attorneys' skill in presenting the issues, the extent to which the case precluded the attorneys from accepting other work, and the contingent nature of the work." *Ctr. For Biological Diversity*, 188 Cal. App. 4th at 616. Upon considering these factors, the Court declines to apply a lodestar multiplier.

Taking into the reductions set forth above, the lodestar calculations are as follows:

11CV52

**Mr. Andrade**

| Hours Requested | Hours Approved | Hourly Rate | Lodestar |
|---|---|---|---|
| 416.80 | 344.6 | $385 | 344.6 x $385 = $132,671 |
| 318.40 | 232.8 | $395 | 232.8 x $395 = $91,956 |
| | 577.4 | **TOTAL** | **$224,627** |

**Mr. Wiseman**

| Hours Requested | Hours Approved | Hourly Rate | Lodestar |
|---|---|---|---|
| 388.90 | 323 | $220 | 323 x $220 = **$71,060** |

**Mr. Chavez**

| Hours Requested | Hours Approved | Hourly Rate | Lodestar |
|---|---|---|---|
| 0.70 | 0.70 | $300 | .7 x $300 = **$210** |

**Ms. Essig**

| Hours Requested | Hours Approved | Hourly Rate | Lodestar |
|---|---|---|---|
| 54.90 | 41.4 | $100 | 41.4 x $100 = **$4,140** |

**Mr. Justo**

| Hours Requested | Hours Approved | Hourly Rate | Lodestar |
|---|---|---|---|
| 46.10 | 33.3 | $125 | 33.3 x $125 = **$4,162.50** |

**Ms. Torres**

| Hours Requested | Hours Approved | Hourly Rate | Lodestar |
|---|---|---|---|
| 1.05 | 0 | $85 | 0 x $85 = **$0.00** |

**Ms. Rojas**

| Hours Requested | Hours Approved | Hourly Rate | Lodestar |
|---|---|---|---|
| 1.0 | 1.0 | $85 | 1 x $85 = **$85** |

Upon summing the individual lodestar amounts, the Court awards Plaintiff attorneys' fees in the amount of **$304,284.50**.

1

<u>C</u><u>ONCLUSION</u>

2          For the reasons discussed above, Plaintiff's motion for reconsideration is

3 **GRANTED IN PART** and **DENIED IN PART**.  The Court awards Plaintiff fees in

4 the amount of **$304,284.50**.

5          **IT IS SO ORDERED.**

6

7 DATED:  February 27, 2014

8

9                                        Hon. Michael M. Anello
                                         United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28